UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOANNE C.,

                  Plaintiff,

     v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

Case No. 3:20-cv-01512-AC

OPINION AND ORDER

---

ACOSTA, Magistrate Judge:

*Introduction*

     Plaintiff Joanne C.[1] ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of Social Security Administration denying her application for disability insurance

benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–403. This court has jurisdiction

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the
last name of the non-governmental party in this case.

Page 1 – OPINION AND ORDER

pursuant to 42 U.S.C. § 405(g). Both parties consented to allow a Magistrate Judge to enter final orders and judgment in this case pursuant to 28 U.S.C. § 636(c). For the following reasons, the Commissioner's decision is reversed and remanded for further administrative proceedings

### Procedural and Factual Background

On January 30, 2018, Plaintiff protectively filed an application for disability insurance benefits, alleging disability beginning on September 27, 2007, due to anxiety, depression, and post-traumatic stress disorder ("PTSD"). Tr. Soc. Admin. R. ("Tr.") 21, ECF No. 14. Plaintiff's claims were denied initially and upon reconsideration. Tr. 82, 93. On September 17, 2019, Plaintiff appeared with her attorney before an Administrative Law Judge ("ALJ") and testified about her alleged disabilities. Tr. 21, 35, 82. On December 20, 2019, the ALJ issued an unfavorable decision. Tr. 18. Plaintiff timely sought review by the Appeals Council, but it denied Plaintiff's request. Tr. 1. Therefore, the ALJ's decision became the Commissioner's final decision for purposes of review. Tr. 1.

Plaintiff was born in 1960, was forty-seven years old at the alleged onset of disability and was sixty years old on the date of the ALJ's decision. Tr. 62. Plaintiff completed high school and has past relevant work experience as a letter carrier for the United States Postal Service. Tr. 177.

### The ALJ's Decision

The ALJ determined that Plaintiff met the insured status requirements through March 31, 2013, her date last insured ("DLI"). Tr. 21, 23. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment from her alleged onset date of September 7, 2007, through her DLI. Tr. 23. At step two, the ALJ determined that Plaintiff suffered from the following medically determinable impairments: anxiety and depression. Tr. 23. However, the

Page 2 – OPINION AND ORDER

ALJ determined these impairments did not significantly limit her ability to perform basic work-related activities for twelve consecutive months. Tr. 23, 25, 26. Also, the ALJ determined that her impairments were "mild." Tr. 28. Because the ALJ determined that Plaintiff did not have any severe impairments, the ALJ stopped the sequential evaluation at step two. Tr. 23–28. Accordingly, the ALJ determined that Plaintiff was not disabled from September 27, 2007 through March 31, 2013 and denied Plaintiff's application for disability benefits. Tr. 28.

### Issues on Review

Plaintiff alleges the ALJ committed the following errors: (1) improperly determined that her anxiety and depression are non-severe at step two; (2) improperly rejected the opinions of Richard DeAmicis, Ph.D.; Suzanne Best, Ph.D.; and Christine Crowe, LMFT; and (3) improperly rejected her subjective symptom testimony. The Commissioner responds that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

### Standard of Review

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berrhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009. "'If the evidence can reasonably

support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chapter*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

*Discussion*

I.   The ALJ Committed Harmful Error at Step Two

   *A. Step Two Legal Standard*

   At step two, a claimant is not disabled if the claimant does not have any medically severe impairments. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe if it "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a). The severe impairment must have lasted for at least twelve months. 20 C.F.R. §§ 404.1509. Disabilities can be non-severe only if the evidence establishes a "slight abnormality or a combination of slight abnormalities" which minimally affects an individual's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Step two is a *de minimis* screening device which should only be used to eliminate groundless claims. *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017); *Smolen*, 80 F.3d at 1290. At step two, Plaintiff bears the burden to show that she had a severe impairment or combination of impairments during the time of alleged disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen*, 80 F.3d at 1290.

When a claimant alleges a mental impairment, the ALJ must evaluate the claimant's impairment with the Psychiatric Review Technique, as proscribed by 20 C.F.R. § 404.1520a. *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011). Under that technique, if a determinable mental impairment is present, the ALJ must determine the degree to which the impairment functionally limits claimant. 20 C.F.R. § 404.1520a(b)(1)–(2). The ALJ should determine whether a claimant has a medically determinable impairment by evaluating "pertinent symptoms, signs, and laboratory findings." 20 C.F.R. § 404.1520a(b)(1).

To determine severity, the ALJ must consider "all relevant and available clinical signs and laboratory findings, the effects of [the claimant's] symptoms, and how [the claimant's] functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication, and other treatment." 20 C.F.R. § 404.1520a(c)(1). The ALJ should evaluate a claimant in four broad functional categories, including whether the claimant "(1) could understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3)–(4). The ALJ must document the application of these four categories to the claimant's case with "specific findings." 20 C.F.R. § 404.1520a(e)(4); *Keyser*, 648 F.3d at 725. After assessing the evidence, the ALJ must rate the claimant's impairments in each of the four categories as "none, mild, moderate, marked, or extreme." 20 C.F.R. § 404.1520a(c)(4). If the ALJ rates claimant's impairments as "none" or "mild," a finding of non-disability is proper unless other evidence shows "that there is more than a minimal limitation" on claimant's work abilities. 20 C.F.R. § 404.1520a(d)(1).

\ \ \ \ \

\ \ \ \ \

Page 5 – OPINION AND ORDER

B.    *Analysis*

Plaintiff argues that the ALJ erred at step two by failing to find that her anxiety and depression were severe impairments. According to Plaintiff, the ALJ failed to provide proper weight to Plaintiff's own testimony and to medical evidence from Dr. DeAmicis, Dr. Best, and LMFT Crowe. The Commissioner contends that the ALJ's Step Two findings are proper because they are supported by substantial evidence. Because the ALJ failed to apply the step two legal standard to Claimant's case and failed to make proper findings in all four functional categories with specific evidence and reasoning, the court reverses the ALJ's opinion.

A court may not theorize about an ALJ's reasoning nor make "*post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009); (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)). To correctly apply the Psychiatric Review Technique, the ALJ must assess a claimant's limitations within each of the functional areas and provide a narrative rationale for his findings within those functional areas. *Hackleton v. Saul*, 2021 WL 1102450, at *10 (S.D. Cal. Mar. 23, 2021); *Hoopai v. Astrue*, 499 F.3d 1071, 1078 (9th Cir. 2007) ("The ALJ clearly met ["Paragraph B's"] requirement by rating *and assessing* [claimant's] limitations in each of these four functional areas") (emphasis added); *Keyser*, 648 F.3d at 725 ("In other words, the regulations contemplate that written decisions at the ALJ and Appeals Council levels should contain a 'narrative rationale' [for Psychiatric Review Technique Findings]."). In *Jin v. Berryhill*, the California District Court reversed because the Plaintiff met the "minimal showing of severity" required by step two. *Kang Jin v. Berryhill*, 2020 WL 999795, at *2 (N.D. Cal. Mar. 2, 2020). The ALJ found claimant's disabilities not severe and rejected claimant's case at step two after weighing and discounting all

Page 6 – OPINION AND ORDER

of claimant's medical and testimonial evidence. *Id.* The court reasoned that when the ALJ weighed medical evidence and rejected the Plaintiff's testimony at step two, the ALJ conducted incorrect analysis because weighing and rejecting evidence should occur during steps three through five. *Id.* at *2–*3.

Here, the ALJ erred when applying the Psychiatric Review Technique for two reasons.[2] First, the ALJ erred by failing to properly provide support and analysis for finding the Claimant's limitations "mild" in all four categories. The ALJ's decision regurgitates the record without explaining how Plaintiff's symptoms and medical evidence relate to each of the four functional categories. Therefore, the ALJ failed to provide a narrative rationale for his decision under the Psychiatric Review Technique. While the ALJ found that Plaintiff only suffered from "mild" limitations in each of the four functional categories, the ALJ failed to evaluate the evidence within each category. Tr. 27–28. Instead, when evaluating the four functional categories, the ALJ stated "[a]s discussed above, the medical evidence documents only sporadic, minimal complaints of depression and anxiety during the adjudicatory period. Moreover, the claimant engaged in [] extensive activities during the adjudicatory period as discussed above, including that she hired an attorney to help her reclaim her previous employment." Tr. 27. These two sentences, however, do not provide sufficient reasoning showing which evidence relates to which functional categories. For example, the ALJ provides no reasoning nor cites to any evidence to support his finding of "mild" limitation in "concentrate[ing], persist[ing], and maintain[ing] pace." Tr. 27. Yet the

---

[2] As Defendant notes, Plaintiff does not argue that the ALJ erred within any of the four functional areas when applying the Psychiatric Review Technique. (Def.'s Resp. Brief, at 15). But because the ALJ improperly applied the Technique, which constitutes legal error, this court finds that reversal is appropriate.

Page 7 – OPINION AND ORDER

record contains relevant evidence which calls Plaintiff's ability to maintain pace into question. *See, e.g.,* Tr. 43–44, 53, 57, 480. The same lack of rationale and discussion or citation to evidence is absent for the other three functional categories as well. *See* Tr. 24–28. Given the lack of reasoning proffered by the ALJ, this court declines to hypothesize about what evidence led to the ALJ's decision to rate Plaintiff's four categories as "mild."

Second, the ALJ erred by weighing and crediting medical opinions and testimonial evidence at step two because weighing and crediting evidence is analysis better suited for steps three through five. As in *Jin*, where the ALJ committed error by weighing and rejecting both medical opinions and claimant's testimony at step two, the ALJ here similarly erred at step two by weighing medical opinions and claimant's testimony. As noted by the *Jin* court, the weighing of medical evidence should not occur at step two. Instead, the ALJ should have assessed the medical evidence with the *de minimis* screening standard and should have saved any weighing and rejection of evidence for steps three through five. *Smolen,* 80 F.3d at 1290.

Furthermore, the ALJ's failure to properly conduct a correct analysis pursuant to the Psychiatric Review Technique was not harmless. "An ALJ's failure to comply with 20 C.F.R. § 404.1520a is not harmless if the claimant has 'a colorable claim of mental impairment.'" *Keyser*, 648 F.3d at 726–27. A colorable claim of mental impairment is one which is not "wholly insubstantial, immaterial, or frivolous." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

Here, Plaintiff has, at a minimum, a colorable claim of mental impairment. Beginning in December 2007, Plaintiff was diagnosed with anxiety. Tr. 248–59. Then, in 2008, Plaintiff was

Page 8 – OPINION AND ORDER

diagnosed with Major Depression and PTSD by two different doctors.[3] Tr, 233, 248, 251–65, 506.

At different times throughout 2008, Plaintiff was hospitalized for suicidal ideation, and placed on

multiple different anti-anxiety and anti-depressant medication.  Tr. 26, 237–39, 260, 263–64, 432,

487, 506.  The record contains evidence from four independent medical sources detailing severe

PTSD, anxiety, and depressive-related symptoms.  *See e.g.,* Tr. 174, 233, 285, 487.  Although the

ALJ ultimately disagreed with, and therefore discounted, all four medical opinions, the

assessments nevertheless establish more than an insubstantial or frivolous allegation of mental

impairment.  Given the evidence substantiating at least a colorable claim to mental impairment,

the ALJ committed harmful error when terminating the sequential analysis at step two.

II.    Remand for Further Proceedings

       The decision of whether to remand for further proceedings or for the immediate payment

of benefits lies within the discretion of the court.  *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d

1090, 1101-02 (9th Cir. 2014).  A remand for award of benefits is generally appropriate when:  (1)

the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been

fully developed, there are no outstanding issues that must be resolved, and further administrative

proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken

as a whole, leaves not the slightest uncertainty" concerning disability.  *Id.* at 1100-01 (internal

quotation marks and citations omitted); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th

Cir. 2015) (summarizing the standard for determining the proper remedy).  The second and third

---

[3] The ALJ did not incorporate any findings about Plaintiff's diagnosed PTSD. Tr. 24–28. Plaintiff
was diagnosed with PTSD beginning in 2008. Tr. 506.  Given that the ALJ was obligated to
consider the combined effect of all of the Plaintiff's mental impairments at step two, the failure to
even mention PTSD also was error. *Smolen*, 80 F.3d at 1290.

prongs of the test often merge into a single question: whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000).

Here, remand for further proceedings is warranted because the ALJ ended analysis at step two; all issues raised in steps three through five remain outstanding. Plaintiff's disability is not readily determinable at this point, and the ALJ would not necessarily have to award benefits in this case simply because this court remands the case. Therefore, remand is proper. On remand, the ALJ must properly use the Psychiatric Review Technique and proceed with the sequential analysis, including offering Plaintiff a new hearing with vocational expert testimony, if requested

*Conclusion*

For the reasons set forth above, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this decision.

IT IS SO ORDERED.

Dated this 18th day of March 2022.

JOHN V. ACOSTA
United States Magistrate Judge